ARTHUR S. KOYER, RESPONDENT, v. ALFRED B. ROBINSON, APPELLANT.

Submitted January 29, 1932—Decided March 14, 1933.

Before Justices PARKER and CASE.

For the appellant, *Albert H. Kreamer.*

For the respondent, *Edward R. McGlynn.*

The opinion of the court was delivered by

PARKER, J.  This is an appeal from a summary judgment on a promissory note for $848 made by defendant to the order of plaintiff.  The making of the note was an incident of the sale by plaintiff's uncle to the defendant of some twenty odd acres of land in Passaic county; and the defense was essentially partial failure of consideration, in that defendant was entitled to a good title to the land, did not have the title searched, and discovered after taking his deed, paying part cash and giving his note for the remainder to plaintiff, who advanced the cash thereon to the vendor, that the title conveyed was, in part at least, an old-fashioned thirty-year tax title only.  All this occurred in 1925, and the affidavits show correspondence between the parties and their attorneys, over a period of several years, culminating in this suit, which was begun five years after the making, and four years after the maturity of the note, which was payable a year after date.

It appears without dispute that the deed, dated September 12th, 1925, was a bargain and sale deed with covenant against acts of grantor: that the consideration was in fact $2,000. Defendant's affidavit alleges, apparently without contradiction, that of this consideration he advanced $152 for broker's commission, unpaid taxes, drawing of deed and revenue stamp, leaving a balance of $1,848; that he paid plaintiff's uncle $1,000 by check, and made the note to complete the balance. A point that is disputed is whether the note was delivered to plaintiff with or without conditions as to enforcement.  It is conceded that plaintiff was present at the closing of title: in fact it is alleged by him that he engineered the whole transaction, as his uncle was very old, and plaintiff deemed it better that his uncle should have the money rather than the property, particularly as plaintiff had loaned him over $300, and he says defendant knew the note was made to plaintiff's order to secure payment to plaintiff in part of money he had advanced to his uncle and in part of money which he

might so advance. He does not say that any further advances were made.

The answer sets up, and the supplemental affidavit of defendant asserts as a fact, that the note was delivered on the express representation of the vendor that he had title, and that the note should not be valid or used, delivered or negotiated unless defendant received good title. Both parties agree that the transaction in all its stages was handled by the plaintiff. If corroboration of this defense were needed, it is found to some extent in the fact that plaintiff never did transfer the note but held it for four years after maturity while a correspondence was in progress, wherein defendant was contesting his obligation to pay the note for failure of consideration.

It is elementary that as between the original parties to a note, parol evidence will be received to show the true consideration and that it failed either in whole or part. *Wyckoff* v. *Runyon*, 33 *N. J. L.* 107; *Allied Tar, &c.*, v. *Joffe*, 110 *Id*. 129 (at *p*. 130), and cases cited. In the case of *Interstate Machinery Co.* v. *Agabiti*, 9 *N. J. Mis. R.* 166, in this court, we considered as of course a defense admitted in the trial court, that the note was a mere receipt couched in the form of a note by fraud. Failure of consideration is by statute recognized as a defense. Negotiable Instruments act, section 28 (*Comp. Stat., p.* 3738).

The trial court recognized the above rule, but held the proof of failure of the title was a mere conclusion. We read the affidavit of defendant as stating as a fact that the whole tract was sold to plaintiff's uncle at tax sale for thirty years, and that as to six and three-quarters acres of it the tax title was his only title, if any. The trial court further held that no rescission and tender of return is contained in the answer. But this is not required in cases of partial failure of consideration. *Bouker* v. *Randles*, 31 *N. J. L.* 335. Practice act of 1903, section 105 (*Comp. Stat., p.* 4084); Practice act of 1912, section 13 (*Pamph. L., p.* 379).

We conclude that the entry of summary judgment was erroneous. That judgment will therefore be reversed, and the case remanded for a trial with jury.